# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CASE NO. 3:21-CV-291-DCK

| | |
|---|---|
| HOMESIDE FINANCIAL, LLC, )<br>    Plaintiff, )<br> )<br> v. )<br> )<br>ERIC SHELTON, SHAMEA )<br>SHELTON and K. TODD PHILLIPS, )<br>solely in his capacity as Trustee, )<br>    Defendants, )<br> )<br>and )<br> )<br>CARTER LUMBER OF THE SOUTH, )<br>INC., )<br> )<br>    Junior Lienholder Defendant. )<br> ) | **CONSENT JUDGMENT** |

**THIS MATTER IS BEFORE THE COURT** on the "Consent Motion For Entry Of Consent Judgment As To Carter Lumber Of The South, Inc." (Document No. 19) filed September 20, 2021, requesting the entry of a Consent Judgment related to Junior Lienholder Defendant Carter Lumber of the South, Inc. Pursuant to Rule 58 of the Federal Rules of Civil Procedure, the equitable power of the Court, and the consent of the parties (as evidenced by the consent motion), the Court finds that the relief requested should be granted and the Consent Judgment should be entered. The Court hereby finds as follows:

  1.  On June 16, 2021, Homeside Financial, LLC filed the Complaint in the above-referenced matter. (Document No. 1).

  2.  Among other things, Homeside asserts a claim for judicial foreclosure of a Deed of Trust executed by Defendants Eric Shelton and Shamea Shelton and recorded on April 8, 2019 at Book 7345, Page 697 of the Union County

Public Registry (the "Deed of Trust"). The Deed of Trust relates to certain residential real property with a street address of 1012 Chamberleyne Way, Waxhaw, North Carolina 28173 (the "Property").

3. The Sheltons have filed an answer and counterclaims against Homeside and contest Homeside's request for judicial foreclosure of the Property.

4. In April 2020, Junior Lienholder Defendant Carter Lumber of the South, Inc. ("Carter Lumber") filed a Claim of Lien on Real Property (20 M 287) against the Property in the amount of $55,933.97, plus interest and attorney's fees. In the Claim of Lien, Carter Lumber asserted that the date upon which it first furnished labor or materials related to the Property was July 19, 2019, which is after the recording date of the Deed of Trust.

5. In July 2020, Carter Lumber filed a lawsuit against Gabbidon Builders LLC and the Sheltons to enforce its lien (case no. 20-CVS-1431, Union County Superior Court) (the "State Court Action").

6. Homeside named Carter Lumber as a nominal defendant in this action solely due to the fact that Carter Lumber has asserted a materialman's lien against the Property which makes it an interested party. No other party has asserted any claims against Carter Lumber, nor has Carter Lumber asserted any claims in this lawsuit. Homeside does not seek any claims or affirmative relief against Carter Lumber, other than a court order for sale of the subject property free and clear of Carter Lumber's asserted lien.

7. Given the nominal relationship of Carter Lumber to this case and its desire to avoid the expense of ongoing litigation in this matter (while

simultaneously having the expense of litigation in the State Court Action), the parties have agreed to entry of this Consent Judgment to resolve matters in this lawsuit regarding Carter Lumber so that it can be removed as an active party to the lawsuit.

8. Carter Lumber hereby acknowledges that the lien of the Deed of Trust in favor of Homeside has priority over the lien asserted by Carter Lumber against the Property.

9. Homeside agrees to give Carter Lumber notice of any foreclosure sale regarding the Property, even after its removal from this lawsuit as an active party.

10. The Sheltons join in this Consent Judgment for purposes of allowing Carter Lumber to be removed from the lawsuit, but reserve all rights to contest Homeside's claims in this action and Carter Lumber's claims in the State Court Action.

**IT IS THEREFORE ORDERED** that the "Consent Motion For Entry Of Consent Judgment As To Carter Lumber Of The South, Inc." (Document No. 19) is **GRANTED.**

**ACCORDINGLY**, the Court hereby **ORDERS AND DECREES** as follows:

A. The lien of the Deed of Trust (and all amounts secured thereby) has complete priority over the lien asserted by Carter Lumber against the Property (and any amounts claimed therein).

B. If the Court enters an order permitting a foreclosure sale of the Property subject to the Deed of Trust, Homeside shall give written notice of such sale to Carter Lumber.

C. Nothing herein shall otherwise be deemed to waive the rights or claims of any party, other than with regard to the priority of the Deed of Trust and Carter Lumber's alleged lien.

D. Carter Lumber is hereby dismissed from the lawsuit as a party.

**SO ORDERED**.

Signed: September 21, 2021

David C. Keesler
United States Magistrate Judge

CONSENTED TO:

/s/ William L. Esser IV
William L. Esser IV, Esq. (N.C. Bar No. 29201)
Eric A. Frick (N.C. Bar No. 49212)
Parker Poe Adams & Bernstein LLP
620 South Tryon Street, Suite 800
Charlotte, North Carolina 28202
Telephone: (704) 372-9000
Facsimile: (704) 334-4706
Email: willesser@parkerpoe.com
Email: ericfrick@parkerpoe.com
*Counsel for Plaintiff*

/s/ Sarah DiFranco
Sarah DiFranco, Esq. (N.C. Bar No. 36910)
Poyner Spruill
301 South College Street, Suite 2900
Charlotte, North Carolina 28202
Telephone: (704) 342-5250
Facsimile: (704)-342-5264
Email: sdifranco@poynerspruill.com
*Attorneys for Defendant Carter Lumber of the South, Inc.*

/s/ Laura H. Budd

Laura H. Budd, NC State Bar #28823
Weaver & Budd, Attorneys at Law, PLLC
352 East Charles Street
Matthews, NC 28105
Tel: (704) 841-0760
Fax: (704) 844-8936
*Attorney for Defendants Eric & Shamea Shelton*

/s/ Andrew T. Cornelius

Andrew T. Cornelius, Esq.
Hartsell & Williams, P.A.
71 McCachern Boulevard
Concord, North Carolina 28026
*Attorneys for Defendant K. Todd Phillips*